PER CURIAM.
Plaintiff appeals from a judgment of the Tax Court holding it liable for premium taxes under the New Jersey Insurance Premiums Tax Act, N.J.S.A. 54:18A-1 et seq., and assessments under the New Jersey Insurance Underwriting Association Act (IUAA), N.J.S.A. 17:37A-1 et seq. Plaintiff’s appeal “is limited to the determination that the annual cost of the use of the deposit money is the perpetual insurance premium subject to tax by the state of New Jersey.” The Commissioner of the Department of Insurance cross-appeals from that portion of the judgment “limiting taxable and assessable premiums to the [insured’s] cost of foregoing the use of the premium deposit.” The Commissioner contends that the deposits paid by insureds for perpetual homeowners’ insurance are “premiums” subject to taxation and assessment under N.J.S.A. 54:18A-2 and -4 and N.J.S.A. 17:37A-2(g) and -6 because “these monies are the consideration for the insurance.” Plaintiff, in essence, contends that no “premiums” are paid for their perpetual homeowners’ policies, and therefore, that no tax or assessment is due thereon.
The Tax Court held that “neither N.J.S.A. 54:18A-1 et seq. nor N.J.S.A. 17:37A-1 et seq. imposes a tax on perpetual insurance policyholder deposits but both do impose a tax on the ‘cost of the use of money’ premiums” and “that the annual cost of the use of the deposit money is the perpetual insurance *236 premium subject to tax by the State of New Jersey.” 9 N.J.Tax at 65.
We affirm substantially for the reasons expressed by Judge Lasser in his opinion appearing at 9 N.J.Tax 55.